## CIRCUIT COURT OF WASHINGTON COUNTY

Lee

   v.

Bowers

May 21, 1993

BY JUDGE CHARLES H. SMITH, JR.

This lawsuit was tried by the court sitting without a jury on April 20, 1993. At the conclusion of all the evidence, the court took the matter under advisement to research the issues involved. I have completed my review of the record herein and the applicable authorities.

This lawsuit was filed on June 26, 1991, seeking damages for fraudulent misrepresentation and concealment of material facts surrounding the execution of a contract for the sale of real estate. Specifically, the buyer contends that the sellers fraudulently misrepresented and concealed known problems with regard to the septic systems involved. The real estate in question is located on Clear Creek Road in Washington County and consists of some eight acres of land upon which is situated a mobile home park. The property was not listed for sale when the contract was entered into in July of 1990. However, the plaintiff who is apparently a mobile home park owner and developer (he owned two such parks in Washington County at the time) approached the sellers and expressed an interest in purchasing subject property. After some negotiations back and forth, a written contract was executed. The purchase price was $415,000. The contract was prepared by the buyer.

Among other things, the contract provided:

> (3) *Investigations and Contingencies.* Purchaser shall have the right during the sixty-day period after the date of this agreement to cause engineering studies, economic, and market feasibility studies to be made to and upon the property. If such tests and studies do not warrant, in the sole discretion of the purchaser, the purchaser of the property, then purchaser shall have the right within such sixty-day period to terminate this agreement by notice to the seller and to receive forthwith a full return of the deposit, and thereafter, this agreement shall be null and void, and all parties shall be relieved of any liability hereunder . . . .
>
> (8) Seller warrants that the septic systems are all in good working order and that no violations exist with any government agencies. Seller shall have septic systems inspected by the appropriate governmental agency during the feasibility period set forth in paragraph 3 herein and shall provide purchaser with a certificate from the appropriate governmental agency evidencing compliance with governmental standards.

The plaintiff herein is a man above average intelligence who obviously is well-versed in the art of making contracts and is thoroughly familiar with the "ins and outs" of mobile-home-park ownership. He was concerned about the condition of the septic systems in this mobile home park from the outset and inquired of the defendant concerning the condition of same. He was advised by the defendant in their initial conversation that he and his brother had installed the septic systems for the entire mobile home park and that to his knowledge, it was all in good working order. The two of them walked over the park together, and the defendant pointed out to the plaintiff the locations of the septic tanks, field lines, etc. The plaintiff was apparently not entirely satisfied with this, and so he made a trip to the health department himself and requested the certification that was called for in the contract. He was told that the health department could not provide such certification. The plaintiff reported this to the defendant, and they once again surveyed the park. This time, the defendant gave the plaintiff a copy of a map or scheme he had drawn on the park, upon which he had drawn the septic systems. He further advised the plaintiff that he had added several "spur" lines to the system over the years and pointed out the

locations of same. The plaintiff apparently inspected the property for himself in this manner on two or three separate occasions. On one occasion, he noticed where the earth had been recently disturbed and was told by the defendant of his having recently added a field line to the septic system. Also, photographs which were introduced into evidence in this case depict crude additions to this septic system which were visible above ground.

The plaintiff began having trouble with the septic system soon after settlement and has been experiencing frequent problems ever since. He has incurred considerable expense with general maintenance and repair of the system and estimates the cost to put it in a suitable working condition in the thousands of dollars. The decision in this case is controlled by the decisions in the cases of *Boris v. Hill*, 237 Va. 160 (1989), and *Watson v. Avon Street Center*, 226 Va. 214 (1984). The factual scenario in those two cases is comparable to the one at bar. In those two cases, the Supreme Court made clear that the doctrine of *caveat emptor* is alive and well in the Commonwealth. In the case of *Boris v. Hill*, the Supreme Court approved the following instruction which had been rejected by the trial court:

> When the buyer is given ample opportunity to examine the property prior to closing, the buyer is charged with all the knowledge he or she could obtain through diligent investigation and is then bound by his or her acceptance of the property.

The Supreme Court went on to state in that case:

> If a purchaser is given or secures information as to the condition of property such as would excite the suspicions of a reasonably prudent man, he is then under the duty to ascertain the true condition for himself and cannot rely upon the representations of the vendor.

In that case, as in the *Watson* case and in the case at bar, the seller had made certain representations concerning the condition of the property. However, the Supreme Court noted in *Watson*:

> We have recently reaffirmed Virginia's adherence to the common law doctrine of *caveat emptor* as to sales of real property. The doctrine affords no protection to a seller who makes false representations of a material fact, constituting an inducement

to the contract, on which the buyer had a right to rely. Mere expressions of opinion, however, do not arise to this level and do not constitute fraud.

The plaintiff in this case apparently attempts to rely upon the exception to the doctrine of *caveat emptor* which was set forth in the case of *Armentrout v. French*, 220 Va. 458 (1979). That is:

A very important exception to *caveat emptor* is that the seller must not say or do anything to throw the purchaser off his guard or to divert him from making the inquiries and the examination which a prudent man ought to make.

In my opinion, the seller in this case, unlike the seller in *Armentrout*, did nothing to divert the purchaser from making inquiries a reasonably prudent person would have made. He signed a contract drawn by the purchaser, which permitted the purchaser sixty days in which to make all studies he desired of the property and allowed the purchaser, at his sole option, to rescind the contract, without penalty, if any study was unsatisfactory to him. This same contract required the seller to submit a certificate from the appropriate agency attesting to the good condition of the septic system. When it was learned that such a certificate could not be provided by the health department, the purchaser, not relying upon the seller, made his own inquiry of the health department concerning their approval of the system. The purchaser closed the deal without the benefit of the certificate. In addition, the seller herein walked the property on several occasions with the purchaser and pointed out to him where the septic tanks and field lines were located. He advised the purchaser that he was the one who had constructed the septic system when he opened the park. He further advised him that he was the one who had made the improvements and/or additions to the system over the years and had actually been the one to pump the system. Also, the seller herein provided the purchaser with a map he had drawn setting out the location of the septic tanks, field lines, etc.

Based on the above, it is my opinion that this is a case for the application of the doctrine of *caveat emptor*, and the above-stated exception does not apply.